IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WAYNE E. TOUVE AND NORMA
TOUVE, husband and wife,

               Plaintiffs,

      v.

HAROLD DAVID STORY, INC., a Georgian
Corporation, dba Cedar Creek; MATTHEW
RYAN MCCRAW, an individual,

               Defendants.

Case No. 2:19-cv-01922-SB

**TRIAL ORDER—
EXPERT WITNESSES**

**BECKERMAN, U.S. Magistrate Judge.**

On September 10, 2021, the Court held a pretrial conference in anticipation of the jury

trial scheduled to begin on September 27, 2021. Having considered the parties' written

submissions and oral argument, the Court sustains in part and overrules in part Defendants'

Objections to Plaintiffs' Expert Witness List (ECF No. 71), and sustains in part and overrules in

part Plaintiffs' Objections to Defendants' Expert Witness List (ECF No. 78).

///

///

**ANALYSIS**

I.    **EXPERT WITNESSES**

    A.    **Plaintiffs' Remaining Objections to Defendants' Expert Witnesses**

        1.    **Wesley Curtis**

The Court has resolved several of Plaintiffs' objections in its Trial Order—Motions in Limine. Consistent with that Order, expert Wesley Curtis ("Curtis") may testify about the disputed ODOT policies. In addition, Curtis may testify regarding Cedar Creek's training policies and procedures and its hiring and training of McCraw, but may not testify about Cedar Creek's safety record. Like Plaintiffs' standard of care expert, Curtis may opine on the industry standards of care and whether Touve and McCraw drove consistent with the standards of care given the conditions and circumstances at the time of the accident.

        2.    **Drs. Thomas Rosenbaum, Todd Lewis, and Brad Lorber**

Plaintiffs object to Drs. Thomas Rosenbaum, Todd Lewis, and Brad Lorber testifying as expert witnesses due to untimely disclosure. Defendants were required to disclose their experts by November 25, 2020. (ECF No. 33.) Drs. Rosenbaum, Lewis, and Lorber are physicians who conducted medical examinations of Touve in 2018 or early 2019 in connection with his worker's compensation claims. Defendants disclosed the physicians as expert witnesses for the first time on August 20, 2021, when they listed the physicians on their expert witness list. Plaintiffs argue that they are unduly prejudiced by the late disclosure, as they were unaware that Defendants intended to call these physicians as trial witnesses and did not have an opportunity to depose them. Defendants respond that Plaintiffs were aware of these physicians' medical evaluations in April 2020 (at the latest) when the SAIF Corporation ("SAIF") produced the evaluations to Defendants in response to a subpoena and therefore the physicians are not "surprise" witnesses.

Federal Rule of Civil Procedure 26(a)(2) requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). The rule further provides that "this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(B). "[I]f the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C).

Citing no authority, Defendants argue that they were only required to disclose retained experts by the expert disclosure deadline, and that Drs. Rosenbuam, Lewis, and Lorber are not retained experts. (Defs.' Reply in Supp. at 4-7.) On the contrary, the text of the rule is clear that non-retained experts must be disclosed along with retained experts, and the rule distinguishes between retained and non-retained experts only with respect to the information required to accompany the disclosure. Courts have consistently recognized that Rule 26 requires the disclosure of both non-retained experts and retained experts by the expert disclosure deadline. *See, e.g.*, *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 739-40 (9th Cir. 2021) (noting that Rule 26(a)(2)(C) requires "disclosures of non-retained" experts, and "must include '(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.'" (quoting FED. R. CIV. P. 26(a)(2)(C))).

Courts have also consistently recognized that "Rule 37(c)(1) gives teeth to [the expert disclosure] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoors Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see also Mont. City Meats, Inc. v. Hamel*, No. CV 16-02-H-SHE, 2017 WL 5473881, at *4 (D. Mont. Nov. 14, 2017) (holding that "persons identified as non-retained experts not timely disclosed or not providing non-retained expert disclosures as ordered will not be permitted to testify at trial[,]" and noting that noncompliance with the disclosure deadlines "cannot, and will not, be rewarded"); *Wilderness Dev., LLC v. Hash*, No. CV 08-54-M-JCL, 2009 WL 564224, at *3 (D. Mont. Mar. 5, 2009) ("The federal courts strictly enforce the expert witness disclosure requirements in Rule 26(a)(2)(B), . . . . Exclusion of expert testimony 'is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a).'" (quoting *Yeti by Molly, Ltd.*, 259 F.3d at 1106)).

Defendants have not demonstrated that their failure to comply with the expert disclosure deadline here was "substantially justified" or "harmless" under Rule 37(c)(1). Rather, Defendants acknowledge that they have been aware of these witnesses since April 2020 when they received the medical evaluations from SAIF, and offer no explanation for why they did not disclose their intent to call the physicians as experts until well past the expert disclosure deadline. Further, Plaintiffs will be prejudiced if the Court allows these witnesses to testify at trial because Plaintiffs have not had an opportunity to depose the witnesses. *See, e.g., Jarritos, Inc. v. Reyes*, 345 F. App'x 215, 217 (9th Cir. 2009) ("Because the deadlines for disclosing experts and conducting expert discovery had passed, the court would have had to reopen discovery and extend the period for submitting rebuttal reports to avoid prejudice to the [plaintiff]."); *cf. St. Clair v. Nellcor Puritan Bennett, LLC*, No. CV-10-1275-PHX-LOA, 2011

WL 995947, at *5 (D. Ariz. Mar. 21, 2011) ("Plaintiffs appear to have complied with the scheduling order's . . . expert disclosure deadline. Fundamental fairness and impartiality demand nothing less from [the defendant].").

For these reasons, the Court strikes Drs. Thomas Rosenbaum, Todd Lewis, and Brad Lorber from Defendants' expert witness list.

### B. Defendants' Remaining Objections to Plaintiffs' Expert Witnesses

#### 1. Paul Herbert

Like Defendants' standard of care expert, Plaintiffs' expert Paul Herbert ("Herbert") may opine on the industry standards of care and whether Touve and McCraw drove consistent with the standards of care given the conditions and circumstances at the time of the accident. Herbert may also testify regarding whether Cedar Creek adequately trained McCraw consistent with industry standards. Herbert may testify about the topics in his supplemental report (i.e., the Cedar Creek incident report and the manual governing Touve's operation of the snowplow) because these documents were not available at the time of his original report. The Court addressed the admissibility of McCraw's traffic citations in its Trial Order—Motions in Limine, and will address the admissibility of trial exhibits in a separate order. Finally, the fact that Herbert's colleague provided input and assistance with the expert report does not disqualify Herbert from serving as an expert, nor do Defendants cite any authority to the contrary.

#### 2. Scott Skinner

The Court finds that Scott Skinner is an appropriate rebuttal expert to Defendants' expert Curtis. Defendants disclosed Curtis as an expert expected to testify that the accident was unpreventable and McCraw did everything he could reasonably do to avoid the accident. Plaintiffs offer Skinner to contradict or rebut Curtis's testimony, specifically to reconstruct the accident to demonstrate that McCraw could have avoided the accident if he took his foot off the

accelerator and applied his brakes, rebutting Curtis's (and Holland's) testimony that the accident was unpreventable. *See* FED. R. CIV. P. 26(a)(2)(D)(ii).

### 3. Dr. Richard Wohns and Nick Choppa

Dr. Richard Wohns and Nick Choppa may testify about Touve's current medical status, as his medical care is ongoing, and Defendants' expert Thomas Dietrich may respond thereto.

## CONCLUSION

For these reasons, the Court sustains in part and overrules in part Defendants' Objections to Plaintiffs' Expert Witness List (ECF No. 71), and sustains in part and overrules in part Plaintiffs' Objections to Defendants' Expert Witness List (ECF No. 78).

DATED this 17th day of September, 2021.

_Stacie F. Beckerman_
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge